[Civ. No. 2295.   Second Appellate District, Division One.—July 31, 1919.]

NATIONAL SURETY COMPANY (a Corporation), Appellant, v. W. W. WILCOX et al., Respondents.

[1] PRINCIPAL AND SURETY—CONSTRUCTION OF INDEMNITY CONTRACT—NONLIABILITY OF INDIVIDUAL SIGNERS.—A writing in the nature of a blanket agreement of indemnity executed in favor of a given surety company and signed by a certain corporation and two individuals (which corporation and individuals are called the appli-

cant), providing that the signers will indemnify and hold the surety company harmless from any demands, liabilities, expenses, and loss of whatsoever kind or nature sustained or incurred by reason of its executing any bonds requested by such signers, imposes no liability on the individual signers to the surety company because of loss sustained by the latter in executing a bond for the release of attached property of the corporation, where such bond is executed at the request of the latter company alone and without the knowledge of the individual signers.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Bennett, Turnbull & Thompson, Rupert B. Turnbull and Albert J. Harno for Appellant.

Barstow, Rohe & Jeffers for Respondent.

SHAW, J.—In this action plaintiff, at the special instance and request and for and on behalf of Standard Lumber & Wrecking Company, whose property was attached in a suit brought against it by the Pacific Lumber Company, executed a bond under and by virtue of which the property so attached was, as provided by law in such cases, released therefrom. Thereafter judgment was rendered in favor of the Pacific Lumber Company and against Standard Lumber & Wrecking Company, defendant in said suit, for the sum of $769.82, which the plaintiff herein, as surety upon said bond, paid and, claiming the bond so given for the release of the property attached by the Pacific Lumber Company was made and executed by it in consideration of a written agreement of Wilcox and Johnston defendants herein, to indemnify it against loss due to its act in making the bond, brought this action to recover thereon.

Plaintiff appeals from a judgment rendered in favor of defendants based upon a finding that "it is not true that said contract of indemnity was the consideration and inducement, or consideration or inducement, upon which and for which, or upon which or for which, the plaintiff executed, signed, and delivered, or executed or signed or delivered the said bond or undertaking. . . . It is true

that said bond or undertaking so issued by the plaintiff in said action was issued upon the plaintiff's own responsibility on application only of Standard Lumber & Wrecking Company, without any reference to, and without relying upon, the contract of indemnity attached to the plaintiff's said complaint, marked 'Exhibit A,' and without any promise or agreement on the part of the defendants, or either of them, to reimburse the plaintiff therefor.'' These findings are attacked upon the ground that the evidence is insufficient to support them.

[1] It appears that the Standard Lumber & Wrecking Company had frequent occasion to call upon plaintiff for the execution of bonds for and on its behalf, and for the purpose of protecting plaintiff from liability upon the bonds so issued to said company, defendants Wilcox and Johnston were in the habit of executing instruments in writing whereby they agreed to indemnify plaintiff for any loss sustained by reason of the making of such bonds for and on behalf of said company. Under these circumstances, a writing in the nature of a blanket agreement of indemnity, and signed by the Standard Lumber & Wrecking Company, and defendants W. W. Wilcox and Dan Johnston, was executed on January 30, 1912, which contained the following recital: ''This agreement witnesseth: That, whereas, Standard Lumber & Wrecking Company, Inc., W. W. Wilcox and Dan Johnston (hereinafter called applicant), may from time to time hereafter request the National Surety Company, a corporation under the laws of the State of New York (hereinafter called the Company), to make and execute various and sundry bonds and undertakings; and, whereas, the Company, by making and executing such bonds and undertakings, may become liable to pay, and may pay, various and sundry sums and amounts of money under such bonds and undertakings. . . . Now, therefore, in consideration of the premises, we, the undersigned, hereby covenant with the company, its successors and assigns, in manner following—that is to say'': Followed by various and sundry provisions and covenants on the part of the signers of the agreement, among which was one to the effect that they would indemnify and hold the company. harmless from any demands, liabilities, expenses, and loss

of whatsoever kind or nature sustained or incurred by reason of its executing such bonds and undertakings, which agreement appellant claims covered and included the bond so given by it for the release of the property of the Standard Lumber & Wrecking Company levied upon by writ of attachment issued in the action brought against it by the Pacific Lumber Company.

It is clear, we think, that the agreement sued upon has reference solely and alone to bonds executed by plaintiff at the request of the applicant therefor and named therein; and it is likewise clear that the applicant was the Standard Lumber & Wrecking Company, Inc., W. W. Wilcox, and Dan Johnston. The writing given by these parties was in the nature of a blanket agreement to indemnify plaintiff for losses sustained by reason of executing certain specific bonds, viz., those requested, not by the Standard Lumber & Wrecking Company, but by those designated in the agreement as constituting the applicant, the effect of which was that defendants Wilcox and Johnston incurred no liability to plaintiff under said agreement, unless it was made to appear that they joined with the Standard Lumber & Wrecking Company in a request for such bond. It is neither alleged, proved, nor claimed by plaintiff that either of these defendants ever requested it to issue the bond in the suit brought by the Pacific Lumber Company against the Standard Lumber & Wrecking Company, but that it was executed at the request of the latter company alone and without defendant's knowledge. Defendants' covenant was to indemnify plaintiff for loss sustained upon bonds executed upon their request. They did not request the issuance of the bond in question and knew nothing about it. Hence it is one not covered by the agreement to indemnify plaintiff and imposes no obligation upon defendants to answer for any loss resulting from its execution.

Our conclusion renders it unnecessary to discuss other alleged errors, since, if we are correct, they could in no event affect the determination of the case.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.